IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| COMMUNITY OF HOPE METHODIST CHURCH, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:24-cv-00656-O |
| CHURCH MUTUAL INSURANCE COMPANY, | § § § | |
| Defendant. | § § | |

**OPINION & ORDER**

Before the Court is Defendant's Motion for Summary Judgment and Brief in Support (ECF Nos. 20–21), filed April 7, 2025; Plaintiff's Response and Brief in Support (ECF Nos. 25–26), filed April 28, 2025; and Defendant's Reply (ECF No. 32), filed May 12, 2025. Additionally, before the Court is Plaintiff's Motion for Summary Judgment (ECF No. 22), filed April 7, 2025; Defendant's Response and Brief in Support (ECF Nos. 28–29), filed April 28, 2025; and Plaintiff's Reply (ECF No. 30), filed May 9, 2025. Having considered the parties' briefing and applicable law, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion for Summary Judgment. ECF No. 20. The Court **DENIES** Plaintiff's Motion for Summary Judgment. ECF No. 22.

**I. BACKGROUND**[1]

This case presents an insurance coverage dispute between a church ("Plaintiff") and its insurer ("Defendant"). On June 12, 2023, Plaintiff's church building (the "Property"), sustained damage as a result of a hailstorm (the "Loss Event"). At the time of the Loss Event, the Property

---

[1] The Court's recitation of facts is taken from the summary judgment briefing.

was covered under a commercial property policy issued by Defendant, policy number 0319054 25-504264 (the "Policy"). The Policy provided coverage for damages caused by the Loss Event, subject to the terms and conditions of the Policy.

Plaintiff submitted a claim for coverage under the Policy for damages allegedly sustained as a result of the Loss Event. Defendant retained Shane Smith, an independent adjuster with ProAdjuster by Allied Universal, to inspect the Property and forensic engineer Anthony Ruth, P.E., with U.S. Forensic to assess the roof for hail damage. Essentially, the parties dispute whether Plaintiff is entitled to replacement of the entire roof or whether Plaintiff is only entitled to an elastomeric coating repair because Defendant contends the roof was already damaged from a 2022 hailstorm and then was damaged again by a 2024 hailstorm.

Plaintiff filed suit and alleged two types of claims: one is based in *contract*, and the rest are "extra-contractual" claims for alleged violations of the Texas Insurance Code, the Texas Deceptive Trade Practices Act ("DTPA"), and breach of the common-law duty of good faith and fair dealing. Defendant moved for summary judgment. Plaintiff moved for a "no evidence" summary judgment. The parties have briefed the issues, and the Motions are ripe for review.

**II. LEGAL STANDARD**

A movant is entitled to summary judgment if by the pleadings and evidence it can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence in the light most favorable to the nonmovant. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

"Moreover, a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." *Id.*

A party seeking summary judgment must inform a court of the basis for its motion and identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party opposing summary judgment must then set forth specific facts showing that there is a genuine issue for trial. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968).

### III. ANALYSIS

Defendant moves for summary judgment on Plaintiff's extra-contractual claims under the Texas Insurance Code, the Texas DTPA, and common-law breach of duty of good faith and fair dealing, because Plaintiff has not shown that Defendant acted in bad faith during its processing of Plaintiff's insurance claim. Rather, Defendant argues, the evidence reflects only a bona fide coverage dispute, which necessarily bars the extra-contractual claims that involve elements of bad faith, malice, or similar ill-intent. Defendant also argues it is entitled to judgment on Plaintiff's breach of contract claim because Plaintiff has no evidence of breach and has failed to segregate covered damage.

#### A. Breach of Duty of Good Faith & Fair Dealing

Insurance companies have a duty to deal fairly and in good faith with an insured in the processing of claims. *Arnold v. Nat'l Cnty. Mut. Fire Ins.*, 725 S.W.2d 165, 167 (Tex. 1987). A plaintiff may sue for a breach of this duty if its insurer denies or delays its claim without any reasonable basis for the denial or delay. *Id.* But under Texas law, "[e]vidence establishing only a bona fide coverage dispute does not demonstrate bad faith." *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins.*, 801 F.3d 512, 526 (5th Cir. 2015) (cleaned up). This means that "[a]s long

as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith." *Higginbotham v. State Farm Mut. Auto. Ins*, 103 F.3d 456, 459 (5th Cir. 1997) (citation omitted). In other words, a genuine dispute over the scope of insurance coverage is an inherently reasonable basis for denying coverage.

To carry its initial burden, Defendant points to record evidence that it believes establishes only a bona fide coverage dispute about the actual cost to repair the limited covered damage. In support, Defendant argues that it relied in good faith on two licensed engineers. The first report in 2022 established the condition of the roof in 2022. The second report, in 2023, then "confirmed that hail impact was limited to granule loss and did not cause any water created openings to the roof."[2]

Plaintiff contends the damage was more extensive such that it is entitled to a full roof replacement. Plaintiff asserts that instead of fairly adjusting its claim, Defendant "failed to conduct a reasonable investigation" because Defendant did not "examin[e] the underside of the roofing assembly or pull[] core samples."[3] But Plaintiff never submitted any engineering opinion or other evidence that challenged Church Mutual's engineer-led conclusions, especially when Defendant identified the same unrepaired damages in 2023 that were not fixed after the 2022 hailstorm. Defendant's evidence consistently represents that its investigation of Plaintiff's claim revealed the issues that identified in 2022 were not fixed by 2023.[4]

Accordingly, there is a bona fide dispute as to whether the June 2023 storm caused damage that was severe enough to warrant a full roof replacement and Plaintiff has otherwise failed to raise

---

[2] Def.'s Br. Supp. Mot. Summ. J. 26, ECF No. 21.
[3] Pl.'s Br. Resp. 22, ECF No. 26.
[4] *See* Def.'s App. Supp. Mot. Summ. J. Ex. B (Donan Report), ECF No. 21-2; Def.'s App. Supp. Mot. Summ. J. Ex. H (US Forensic Report), ECF No. 21-7.

a genuine fact issue on its common-law bad faith claim. The Court therefore **GRANTS** Defendant's Motion with respect to Plaintiff's claim for common-law breach of duty of good faith and fair dealing.

### B. Violations of the Texas Insurance Code & Texas DTPA

Texas courts have recognized the close relationship between common-law bad faith claims and the statutory bad faith claims found in the Texas Insurance Code and DTPA. "Although these claims are individual causes of action which do not depend on each other for support, Texas courts have clearly ruled that these extra-contractual tort claims require the same predicate for recovery as bad faith causes of action in Texas." *Higginbotham*, 103 F.3d at 460 (collecting cases); TEX. INS. CODE § 541.001 *et seq*. Stated otherwise, "[b]ecause the statutory and common law standards are now the same, a finding that there is no common law violation as a matter of law also eliminates the statutory claims alleged by plaintiffs in this case." *Avila v. State Farm Fire & Cas. Co.*, 147 F. Supp. 2d 570, 579 (W.D. Tex. 1999).

Therefore, the Court's reasoning with respect to Plaintiff's common law claim of breach of duty of good faith and fair dealing applies to Plaintiff's statutory claims as well. Accordingly, Defendant's Motion is **GRANTED** as to Plaintiff's extra-contractual statutory claims.

### C. Breach of Contract and Prompt Payment

Defendant also seeks judgment as a matter of law on Plaintiff's breach of contract and Prompt Payment claims. Resolution of the Prompt Payment claim depends on the disposition of the breach of contract claim. And the dispute over that claim at this phase of the case depends on whether Plaintiff is entitled to an entire roof replacement or only the elastomeric coating repair services recommended by Defendant.

Defendant argues that Plaintiff cannot meet its initial burden that Defendant failed to pay benefits owed for a covered loss. However, neither party disputes that a hailstorm caused damage to Plaintiff's property during the effective dates of the policy. The parties dispute the *degree* to which Plaintiff's roof was damaged by the storm. The Court finds that there is a fact issue as to what portion of the roof, if any, should be replaced. Additionally, a fact issue exists regarding whether Defendant's proposed elastomeric coating repair was the proper solution. This issue should be decided by the trier of fact.

Additionally, Defendant argues that Plaintiff did not meet its burden of segregating covered and non-covered perils, because the 2022 and 2024 hailstorms are not covered under the policy. Here, based on the extensive documentation of the state of Plaintiff's roof in 2022, 2023, and 2024, a "reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in [Plaintiff's] favor." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Additionally, Plaintiff raises the fact issue as to the amount Defendant's proposed solution, an elastomeric coating repair, would cost. A jury could award Plaintiff more than the $36,327.70 offered by Defendant.

Based on the foregoing, the Court cannot grant Defendant's Motion for Summary Judgement because there are fact issues that should be decided by the trier of fact.[5]

### D. Plaintiff's "No Evidence" Motion

Plaintiff in this action also moved for summary judgment, filing and titling the motion a "No Evidence Motion for Summary Judgment."[6] Plaintiff's argument consists of four pages with little more than the repeating "there is no evidence for [insert Defendant's affirmative defense]."[7]

---

[5] Because the breach of contract claim remains, so does Plaintiff's Prompt Payment Claim. Defendant did not raise any arguments specific to Plaintiff's Prompt Payment Claim.
[6] Pl.'s Mot. Summ. J. 1, ECF No. 22.
[7] *See id.* at 6–9.

While state courts, such as Texas, recognize a "no evidence" motion for summary judgment, it is not recognized in Federal Court. *See e.g. Moutawakkil v. United Fin. Cas. Co.*, No. 4:23-CV-00879-P, 2025 WL 1146668, at *1 (N.D. Tex. Jan. 2, 2025); *Starks v. Am. Airlines, Inc.*, No. 4:19-CV-00253-P, 2021 WL 135982, at *4 (N.D. Tex. Jan. 14, 2021); *BB Energy LP v. Devon Energy Prod. Co. LP*, No. 3:07-CV-0723-O, 2008 WL 2164583, at *12 (N.D. Tex. May 23, 2008); *Casteneda v. Flores*, No. 5:05-CV-129, 2007 WL 1671742, at *2–3 (S.D. Tex. June 8, 2007); *Royal Surplus Lines Ins. Co. v. Brownsville Indep. Sch. Dist.*, 404 F. Supp. 2d 942, 948 (S.D. Tex. 2005) ("[T]he concept of a 'no evidence' summary judgment neither accurately describes federal law nor has any particular import in . . . federal summary judgment procedure.").

Plaintiff does not meet its burden of proving no "genuine dispute as to any material fact" on Defendant's affirmative defenses. FED. R. CIV. P. 56(a). Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment.

## IV. CONCLUSION

For the reasons stated, Plaintiff's Motion for Summary Judgment is **DENIED**. ECF No. 22. Defendant's Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**. ECF No. 21. Plaintiff's statutory claims under the Texas Insurance Code and the DTPA and Plaintiff's common-law claim for breach of duty of good faith and fair dealing are **DISMISSED with prejudice**. The remaining claims for trial are Plaintiff's breach of contract and Prompt Payment claims.

**SO ORDERED** on this **4th day** of **June, 2025.**

*[Signature: Reed O'Connor]*
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**