IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| COMMUNITY OF HOPE METHODIST CHURCH, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:24-cv-00656-O |
| CHURCH MUTUAL INSURANCE COMPANY, | § § § § § | |
| Defendant. | § § | |

**OPINION & ORDER**

Before the Court is Defendant's Supplemental Motion for Summary Judgment (ECF No. 46), docketed on June 25, 2025. Having considered the briefing and applicable law, the Court **DENIES** Defendant's Supplemental Motion for Summary Judgment. ECF No. 46.

**I. BACKGROUND**[1]

This case presents an insurance coverage dispute between a church ("Plaintiff") and its insurer ("Defendant"). On June 12, 2023, Plaintiff's church building (the "Property"), sustained damage as a result of a hailstorm (the "Loss Event"). At the time of the Loss Event, the Property was covered under a commercial property policy issued by Defendant, policy number 0319054 25-504264 (the "Policy"). The Policy provided coverage for damages caused by the Loss Event, subject to the terms and conditions of the Policy.

Plaintiff submitted a claim for coverage under the Policy for damages allegedly sustained as a result of the Loss Event. Defendant retained Shane Smith, an independent adjuster with ProAdjuster by Allied Universal, to inspect the Property and forensic engineer Anthony Ruth, P.E.,

---

[1] The Court's recitation of the facts is taken from the summary judgment briefing.

1

with U.S. Forensic to assess the roof for hail damage. Essentially, the parties dispute whether Plaintiff was entitled to replacement of the entire roof or whether Plaintiff was only entitled to an elastomeric coating repair as a result of the Loss Event.

On or about May 27, 2024 another hailstorm occurred at the Property (the "2024 Storm"). On February 20, 2025, Plaintiff filed a separate claim with Defendant for damages at the Property related to the 2024 Storm. During its investigation and adjustment of the 2024 Storm claim, Defendant identified covered damage to the roof from the 2024 Storm that, among other things, warranted a full replacement of the roof at the Property.

Defendant now brings this Supplemental Motion for Summary Judgement, arguing that the Defendant's full coverage of the roof replacement as a result of the 2024 Storm, disposes of Plaintiff's 2023 claim.[2] Plaintiff's remaining claims are for breach of contract and failure to comply with the Texas Prompt Payment of Claims Act. The parties have briefed the issues, and the Motion is ripe for review.

## II. LEGAL STANDARD

A movant is entitled to summary judgment if by the pleadings and evidence it can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence in the light most favorable to the nonmovant. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

---

[2] Plaintiff disputes that Defendant has paid the full cash value of the roof replacement. But for the reasons set out below, this dispute is irrelevant to the Court's determination.

"Moreover, a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." *Id.*

A party seeking summary judgment must inform a court of the basis for its motion and identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party opposing summary judgment must then set forth specific facts showing that there is a genuine issue for trial. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968).

### III. ANALYSIS

Defendant moves for supplemental summary judgment on Plaintiff's breach of contract and Prompt Payment claims, arguing that because Defendant has now paid the full value of Plaintiff's roof, Plaintiff has not suffered any actual pecuniary loss.[3]

Resolution of the Prompt Payment claims depend on the disposition of the breach of contract claim. Under the Texas Prompt Payment of Claims Act ("TPPCA"), the insured must establish: (1) the insurer's liability under the insurance policy, and (2) that the insurer has failed to comply with one or more sections of the TPPCA in processing or paying the claim." *Biasatti v. GuideOne Nat'l Ins. Co.*, 601 S.W.3d 792, 794-95 (Tex. 2020).

The fact that Defendant has now allegedly paid for the full value of the roof does not relieve Defendant of liability for interest and attorney's fees under § 542.060. *See Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 819–20 (Tex. 2019). There remains a genuine dispute of material fact as to whether Plaintiff's 2023 claim entitled Plaintiff to an entire roof replacement or only the elastomeric coating repair services recommended by Defendant. In other words, it remains disputed whether there was a breach of contract in 2023,

---

[3] Def.'s Suppl. Mot. Summ. J. 4–9, ECF No. 46.

which would determine if Defendant was liable under the policy at that time. The Court again finds that there is a fact issue as to what portion of the roof, if any, should have been replaced under Plaintiff's first claim. Additionally, a fact issue remains regarding whether Defendant's proposed elastomeric coating repair was the proper solution at that time. These issues must be decided by the trier of fact before Defendant's liability under the TPPCA can be determined.

Based on the extensive documentation of the state of Plaintiff's roof in 2022, 2023, and 2024, a "reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in [Plaintiff's] favor." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Based on the foregoing, the Court cannot grant Defendant's Supplemental Motion for Summary Judgement because genuine disputes of material fact remain.

## IV. CONCLUSION

For the reasons stated, Defendant's Supplemental Motion for Summary Judgment is **DENIED**. ECF No. 46. The remaining claims for trial are Plaintiff's breach of contract and Prompt Payment claims.

**SO ORDERED** on this **4th day** of **December, 2025.**

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**