IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| COMMUNITY OF HOPE METHODIST CHURCH, § § § § § § § § § § § § § | |
| Plaintiff, | |
| v. | Civil Action No. 4:24-cv-00656-O |
| CHURCH MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

**OPINION & ORDER**

Before the Court are Plaintiff's Motion to Strike Defendant's Expert Tracey Pingel and Brief in Support (ECF No. 36) and Defendant's Response (ECF No. 53); Defendant's Motion to Exclude or Limit the Opinions and Testimony of Plaintiff's Retained Expert Trent Gagnon (ECF No. 37), Plaintiff's Response (ECF No. 47), and Defendant's Reply (ECF No. 54). For the reasons stated herein Plaintiff's Motion (ECF No. 36) is **DENIED** and Defendant's Motion (ECF No. 37) is **GRANTED**.

**I. BACKGROUND**[1]

This case presents an insurance coverage dispute between a church ("Plaintiff") and its insurer ("Defendant"). On June 12, 2023, Plaintiff's church building (the "Property"), sustained damage as a result of a hailstorm (the "Loss Event"). At the time of the Loss Event, the Property was covered under a commercial property policy issued by Defendant, policy number 0319054 25-504264 (the "Policy"). The Policy provided coverage for damages caused by the Loss Event, subject to the terms and conditions of the Policy.

---

[1] The Court's recitation of the facts is taken from the summary judgment briefing.

1

Plaintiff submitted a claim for coverage under the Policy for damages allegedly sustained as a result of the Loss Event. Defendant retained Shane Smith, an independent adjuster with ProAdjuster by Allied Universal, to inspect the Property and forensic engineer Anthony Ruth, P.E., with U.S. Forensic to assess the roof for hail damage. Essentially, the parties dispute whether Plaintiff was entitled to replacement of the entire roof or whether Plaintiff was only entitled to an elastomeric coating repair as a result of the Loss Event.

On or about May 27, 2024, another hailstorm occurred at the Property (the "2024 Storm"). On February 20, 2025, Plaintiff filed a separate claim with Defendant for damages at the Property related to the 2024 Storm. During its investigation and adjustment of the 2024 Storm claim, Defendant identified covered damage to the roof from the 2024 Storm that, among other things, warranted a full replacement of the roof at the Property.

## II. LEGAL STANDARD

### A.     Federal Rule of Evidence 702

Federal Rule of Evidence 702 governs the admissibility of expert testimony, requiring that testimony be both relevant and reliable. The district court is charged with making this preliminary determination as a gatekeeping function that filters the evidence the trier of fact consider. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

FED. R. EVID. 702. Rule 702 incorporates the principles articulated by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Under *Daubert*, expert

testimony is admissible only if the proponent, who bears the burden of proof, demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable. *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988–89 (5th Cir. 1997).

The first requirement is that the expert must be qualified. "Before a district court may allow a witness to testify as an expert, it must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009) (quoting Rule 702). "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Id.*

The second requirement is that the expert's testimony must be relevant. To be relevant, expert testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 24 (5th Cir. 2002). This requirement asks whether an expert's "reasoning or methodology properly can be applied to the facts in issue." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007).

The third requirement is that the expert's testimony must be reliable. "Reliability is determined by assessing 'whether the reasoning or methodology underlying the testimony is scientifically valid.'" *Knight*, 482 F.3d at 352 (quoting *Daubert*, 509 U.S. at 592–93)). *Daubert* lists five non-exhaustive factors to consider when assessing the validity or reliability of expert testimony:

1. Whether the theory of technique has been tested;
2. Whether the theory or technique has been subjected to peer review and publication;
3. The known or potential rate of error of the method used;
4. The existence and maintenance of standards and controls in the methodology; and
5. Whether the theory or method has been generally accepted by the scientific community.

*Daubert*, 509 U.S. 593–95. In determining these factors, a district court has wide latitude and considerable discretion. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).

### B. Federal Rule of Civil Procedure 26(a)(2)

Federal Rule of Civil Procedure 26(a)(2) governs disclosures of expert testimony. For retained experts or those specially employed to provide expert testimony, parties are required to provide a written report per Rule 26(a)(2)(B). That written report must include:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which during the previous 4 years, the witnesses testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B)(i)–(vi). For nonretained experts, a report is not required. However, under Rule 26(a)(2)(C), the offering party must disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C). "This Rule, adopted in 2010, is intended to ensure that an opposing party has some notice of what the nonretained expert will testify about." *Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, Civil Action No. 3:14-CV-1028-D, 2017 WL 90366 (N.D. Tex. Jan. 10, 2017) (Fitzwater, J.) (citing 8A Charles Alan Wright, et. al., *Federal Practice and Procedure* § 2031.2, at 92 (3d ed. 2010 & Supp. 2016)).

### C. Federal Rule of Civil Procedure 37

Federal Rule of Civil Procedure 37 lays out the consequences for failure to meet the requirements of Rule 26(a)(2). Under Rule 37, "[i]f a party fails to provide information or identify

a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). In the Fifth Circuit, four factors are considered: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bailey v. Shell W. E&P Inc.*, 609 F.3d 710, 729 (5th Cir. 2010).

### III. ANALYSIS

Plaintiff seeks to prevent the expert testimony of Defendant's Expert Tracey Pingel under Federal Rule of Evidence 702. Defendant seeks to exclude the testimony of Plaintiff's expert Trent Gagnon under Federal Rule of Civil Procedure 26(a)(2) and Federal Rule of Evidence 702. The Court addresses each in turn.

### A. Defendant's Expert Tracey Pingel

Defendant designated Pingel as its 30(b)(6) representative and as a non-retained expert witness under Rule 26(a)(2)(C). Defendant's designation stated that Pingel would "present technical evidence based on her personal observations of the handling of Plaintiff's claim and the conclusions that Church Mutual drew based on her knowledge, training, and experience."[2] Defendant further stated that Pingel may provide testimony "of an expert property loss adjuster."[3] Plaintiff seeks to exclude Pingel's testimony on (a) the cause and timing of any damage to Plaintiff's property; (b) amount of loss; and, (c) various provisions and exclusions that may apply to establish or limit coverage for Plaintiff's damages.[4] Plaintiff's only argument as to why Pingel's

---

[2] Def.'s Designation of Expert Witnesses 4, ECF No. 14.
[3] *Id.*
[4] Pl.'s Mot. Strike Def.'s Expert 5–6, ECF No. 36.

5

expert testimony should be excluded is an assertion that it is "irrelevant, not based on personal knowledge and unhelpful."[5]

Defendant properly disclosed Pingel's qualifications and potential expert testimony topics under Rule 26(a)(2)(C). Plaintiff has not shown how Pingel's 25 years of experience as a claims adjuster and other related experience makes her unqualified to speak to Defendant's claims investigation and coverage analysis. To the extent Pingel lacks personal knowledge of the underlying facts, Fed. R. of Evid. 703 allows an expert to base her opinions on facts or data in the case that she has been made aware of or personally observed. Here, Pingel has personal knowledge of the underlying facts because she has reviewed the relevant materials and those materials have been properly disclosed.[6] Further, it is undisputed that evidence of how Plaintiff's claim was handled by Defendant will be relevant at trial. Therefore, Pingel's testimony at trial, in both her role as Defendant's corporate representative and an experienced claims handling expert, is relevant to the extent it involves explaining how the engineering findings were incorporated into Defendant's investigation and led to its ultimate coverage decision of Plaintiff's claim.

Because Pingel is qualified to testify as a non-retained expert and the proposed topics of her testimony would assist the trier of fact in understanding the issues, the Court **DENIES** Plaintiff's motion to strike Pingel's testimony.

### B. Plaintiff's Expert Trent Gagnon

Plaintiff designated Gagnon as a non-retained expert under Rule 26(a)(2)(C) that "will testify regarding the cause and extent of hail and wind damage as a result of the June 12, 2023, and May 27, 2024, storms."[7] Defendant argues that Plaintiff's designation of Gagnon does not

---

[5] Pl.'s Mot. Strike Def.'s Expert 5–6, ECF No. 36.
[6] Def.'s Resp. Pl.'s Mot. Strike Def.'s Expert 5, ECF No. 53.
[7] Pl.'s Second Supp. Expert Disclosures, at 2, ECF No. 37-1.

meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) nor does Gagnon's report meet the requirements of admissibility under Federal Rule of Evidence 702.[8]

Defendant confuses the applicable standard. Because Gagnon's is a nonretained expert, Plaintiff need not provide a full report. Under Rule 26(a)(2)(C), a nonretained expert must disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C). These summary disclosures are "considerably less extensive than the report required by Rule 26(a)(2)(B). Courts have interpreted the "summary of the facts and opinions" requirement as follows:

> The Court finds that a summary of opinions under Rule 26(a)(2)(C) means a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case. A mere statement of the topics or their opinions is insufficient. Further, this Court finds that a summary of facts supporting those opinions under Rule 26(a)(2)(C) means a brief account of facts—only those on which the expert actually relied in forming his or her opinions—that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice. Similarly, it does not suffice to reference large bodies of material sources of facts, without stating a brief account of the main points from those large bodies on which the expert relies.

*Tolan v. Cotton,* No. H–09–1324, 2015 WL 5332171, at *6 (S.D.Tex. Sept.14, 2015) (Harmon, J.).

Here, Plaintiff's disclosures stated only that it is "Gagnon's opinion that the hail damage from the June 12, 2023, storms required full replacement of the roof at Plaintiff's property. Mr. Wilson and Mr. Gagnon will testify that the June 12, 2023, storms caused $358,079.92 in covered damages. The May 27, 2024, storms caused additional damage, but the roofing system was damaged beyond repair prior to the May 27, 2024, storms." Such disclosures do not provide the

---

[8] Def.'s Mot. Exclude Pl.'s Expert 5–6, ECF No. 37

requisite summary of facts that the expert relied on in forming the opinion. The summary offers no indication of the particular facts relied on by Gagnon in forming his opinion that the roof was damaged beyond repair prior to May, 2024. *See Carr v. Montgomery Cnty., Tex.*, No. CIV.A. H-13-2795, 2015 WL 5838862, at *3 (S.D. Tex. Oct. 7, 2015). Plaintiff's reference to Gagnon's report is unavailing because the report is simply a series of line-item estimates.[9] The report provides no basis for the values included in the estimates. Accordingly, Plaintiff has not met the obligations imposed by 26(a)(2)(C).

Having concluded that Plaintiff did not comply with Rule 26(a)(2)(C) the Court now determines in its discretion whether to exclude Gagnon's opinions or to impose some lesser sanction, like leave to amend. *Kim v. Nationwide Mut. Ins. Co.*, 614 F. Supp. 3d 475, 485 (N.D. Tex. 2022) (Fitzwater, J.) (explaining the sanctions the Court can impose for failure to comply with the expert report requirement). Here, trial is a week away and discovery has closed. Considering the four factors in *Bailey*, 609 F.3d at 729, and Federal Rule of Civil Procedure 37, the Court determines Gagnon's expert testimony is **INADMISSIBLE** and Gagnon is precluded from testifying as an expert witness in this matter. Therefore, Defendant's motion as to Gagnon's testimony is **GRANTED**.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Strike Defendant's Expert Tracey Pingel (ECF No. 36) is **DENIED**. Defendant's Motion to Exclude or Limit the Opinions and Testimony of Plaintiff's Retained Expert Trent Gagnon (ECF No. 37) is **DENIED**. Therefore, Gagnon's expert testimony is **INADMISSIBLE** and Gagnon is precluded from testifying as an expert witness in this matter.

---

[9] Def.'s Mot. Exclude Pl.'s Expert, Ex. B, 2–8, ECF No. 37-2.

**SO ORDERED** on this **30th day** of **December, 2025.**

_Reed O'Connor_
**Reed O'Connor**
**CHIEF UNITED STATES DISTRICT JUDGE**